**SONDERLING BROADCASTING CORPO-RATION, t/a Radio Station WOL, Petitioner,**

v.

**DISTRICT OF COLUMBIA MINIMUM WAGE AND INDUSTRIAL SAFETY BOARD, Respondent.**

No. 7540.

District of Columbia Court of Appeals.

Argued Jan. 29, 1974.

Decided March 4, 1974.

Howard B. Silberberg, Arlington, Va., for petitioner.

E. Calvin Golumbic, Asst. Corp. Counsel, Washington, D. C., with whom C. Francis Murphy, Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., were on the brief, for respondent.

Before REILLY, Chief Judge, and KELLY and YEAGLEY, Associate Judges.

KELLY, Associate Judge:

Sonderling Broadcasting Corporation (SBC) filed this petition for review of two determinations by the District of Columbia Minimum Wage and Industrial Safety Board (the Board) in which (1) SBC was

advised that it owed and should pay a former employee all commissions earned prior to termination of his employment (see D.C.Code 1973, § 36–606) and (2) the Board declined to issue a declaratory order under D.C.Code 1973, § 1–1508, which petitioner had requested.[1] Since it is evident that this court has no jurisdiction under the District of Columbia Administrative Procedure Act (DCAPA)[2] to review either the Board's wage claim determination or its refusal to issue the declaratory order, the petition for review must be dismissed.

Both in contesting the wage claim and in seeking a declaratory order petitioner SBC relied upon a written contract which provided that its salesmen forfeited all right to be credited with commissions on accounts not collected within thirty days of the termination of their employment. The Board determined that commissions were earned by employees when sales were made and no contract forfeiture provision could divest an employee of his right to earn commissions, such a provision being in derogation of the Wage Payment Law.[3] The Board found SBC to be in violation of law for failure to pay its former employee the commissions he had earned prior to the termination of his employment and informed

SBC that appropriate legal action would be recommended.[4]

■ The DCAPA gives this court jurisdiction to review agency decisions in contested cases. D.C.Code 1973 § 1–1510. Excluded from the definition of contested cases, however, are those matters which are subject to a de novo trial of the law and the facts in any court. D.C.Code 1973, § 1–1502(8). A wage claim determination of the Board is enforceable only through criminal prosecution, D.C. Code 1973, § 36–606(a), or civil litigation, D.C.Code 1973, § 36–608(a). In such litigation, any issues of fact or law will be determined entirely upon the pleadings and trial record, and not upon the proceedings before the Board. Consequently, the challenged determination of the Board is not an appealable order under the DCAPA.

■ As to the Board's failure to issue a declaratory order upon SBA's request, the DCAPA specifically provides that the *refusal* of "an agency to issue a declaratory order shall not be subject to review". D.C. Code 1973, § 1–1508. It therefore follows that SBC's petition for review must be dismissed for lack of jurisdiction.

So ordered.

1. § 1–1508. Declaratory orders.
    On petition of any interested person, the Commissioner or Council or an agency, within their discretion, may issue a declaratory order with respect to the applicability of any rule or statute enforceable by them or by it, to terminate a controversy (other than a contested case) or to remove uncertainty. A declaratory order, as provided in this section, shall be binding between the Commissioner or Council or the agency, as the case may be, and the petitioner on the state of facts alleged and established, unless such order is altered or set aside by a court. A declaratory order is subject to review in the manner provided in this chapter for the review of orders and decisions in contested cases, except that the refusal of the Commissioner or Council or of any agency to issue a declaratory order shall

not be subject to review. The Commissioner and the Council and each agency shall prescribe by rule the form for such petitions and the procedure for their submission, consideration, and disposition.

2. D.C.Code 1973, § 1–1501 et seq.

3. D.C.Code 1973, § 36–605, provides:
    Except as herein provided, no provision of this chapter shall in any way be contravened or set aside by private agreement.

4. While SBC claims it has been threatened by the Board with criminal prosecution, it seems that a civil action to collect the commissions alleged to be due would be the appropriate course to follow since SBC's claim does not appear to be frivolous or advanced in bad faith.